IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMALINDA RODRIGUEZ MCCOY,

    Plaintiff,

v.                                          No. 15-CV-00639 MCA/LAM

LTD DRIVING SCHOOL, INC.,
and DAVID FRESQUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the following motions: *Plaintiff's Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted and Supporting Memorandum* [Doc. 25]; *Defendants' Opposed Motion to File an Amended Answer* [Doc. 41]; *Defendants' Motion for Summary Judgment Regarding Count II – Plaintiff's Prima Facie Tort Claim for Alleged Intentional Gender Discrimination* [Doc. 77]; *Defendants' Motion for Summary Judgment on Counts III and IV because Plaintiff cannot show an Adverse Employment Action* [Doc. 78]; *Defendants' Motion for Summary Judgment* [Doc. 79]; and *Plaintiff's Motion to Stay* [Doc. 89]. The Court has considered the submissions, the relevant case law, and has been fully informed in the premises.

**BACKGROUND**

Plaintiff filed this action originally in the Third Judicial District Court for the State of New Mexico. [Doc. 1, p. 1] Plaintiff brought the following claims: Count I: Violation of the New Mexico Minimum Wage Act; Count II: *prima facie* tort (based on

1

the termination of Plaintiff's employment); Count III: Violation of the New Mexico Human Rights Act; Count IV: Violation of the Pregnancy Discrimination Act. [Doc. 1-1, pp. 9-13]  Only Plaintiff's fourth claim, for violation of the Pregnancy Discrimination Act, presents a question of federal law.  Defendants removed this case on the basis of Count IV pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441.  [Doc. 1, ¶ 3]

Plaintiff voluntarily seeks to dismiss three of her four claims with prejudice, including her sole claim arising under federal law.  The claim Plaintiff has not expressed an intention to dismiss is her claim under Count III for violation of the New Mexico Human Rights Act.  Because Plaintiff seeks to dismiss Count IV, her sole claim over which this Court has original jurisdiction, Plaintiff requests this Court to remand Count III to the State Court.  Defendants oppose this request and ask the Court to grant summary judgment on all Counts.  However, before the Court addresses the motions for summary judgment, the Court first considers two motions filed pertaining to Defendants' Answer.

**ANALYSIS**

*Plaintiff's Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted and Supporting Memorandum*

Plaintiff filed a *Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted.* [Doc. 25]  Federal Rule of Civil Procedure 12(f) allows the court to "strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1]

The Court denies the Motion on several grounds. First, it was untimely filed, as it was filed 112 days after Defendants filed their *Answer*. [Doc. 4; Doc. 25] Fed. R. Civ. P. 12(f)(2) (allowing a motion to strike if made "within 21 days after being served with the pleading"). Second, Plaintiff's Counsel failed to sufficiently meet and confer regarding the motion. D.N.M. LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). After Plaintiff's Counsel emailed Defendants' Counsel regarding a potential motion to strike, Defendants offered to amend their answer, but Plaintiff's Counsel (reasonably) pointed out that Plaintiff would need to see the proposed amended answer rather than blindly agreeing to a motion to amend. However, rather than waiting for a response from Defense Counsel, within ten minutes of requesting to see a proposed amended complaint, Plaintiff filed her *Motion to Strike*. [Doc. 28-2, p. 1; Doc. 25] Plaintiff's Counsel failed to act in good faith by disallowing Defense Counsel any opportunity to oppose or agree to Plaintiff's proposed motion to strike. The Court hereby admonishes Mr. Carrillo that his refusal to allow Defense Counsel an opportunity to

---

[1] Plaintiff submits that she does not seek relief under Rule 12(f) [Doc. 33, p. 2], citing *Agstar Fin. Servs., PCA v. Union Go-Dairy, LLC*, 2011 WL 772754, *1 (S.D. Ind., 2011) (unpublished order) which discusses striking an entire answer. [Doc. 25, p. 3]. *Agstar* does not allow the striking of an entire answer on grounds less onerous than those required by Federal Rule of Civil Procedure 12(f), and recognizes that the Court's inherent power to strike an entire answer should rarely be exercised. Further, the Court in *Agstar* denied the motion to strike the answer. *Id.* The Court declines to strike Defendants' entire *Answer* under the "misconduct on the part of the defendant" standard that Plaintiff advances. [Doc. 33, p. 2]

respond to his request to see the proposed amended complaint was not in accordance with this Court's Local Rule 7.1(a) and is grounds for summary denial.

Further, even on the merits of *Plaintiff's Motion to Strike*, the Court would not exercise its discretion to grant the motion. *Scherer v. United States Dep't of Educ.*, 78 Fed. Appx. 687, 689 (10th Cir. 2003) (unpublished decision) ("A district court's rulings on . . . motions to strike will not be disturbed absent an abuse of discretion."). Striking a pleading is a drastic measure, and generally allowing amendment is favored. 2 Moore's Federal Practice §12.37[1], [3] (3d ed. 2013). Plaintiff relies on *Donnelly v. Frank Shirley Cadillac, Inc.*, 2005 WL 2445902, * 2 (N.D. Ill. 2005) (unpublished decision), which states: "Refusing to answer an allegation because it calls for legal conclusions flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response." (Internal quotation marks and citation omitted). Though adoption of such a standard may advance pleading practice in this district, this standard has not been applied in this district or this Circuit, and even in *Donnelly* the Court allowed the defendant to amend its answer. *Id.* Similarly, here, allowing an opportunity for Defendants to amend their answer addresses Plaintiff's concerns. Finally, the Court expressly finds no misconduct or bad faith on the part of Defendants in filing their original answer.

Furthermore, Mr. Carrillo's actions in requesting the Court to strike the entire answer in this case violated 28 U.S.C. § 1927, given the combination of the following factors: 1) the motion was untimely; 2) Mr. Carrillo unreasonably cut off good faith discussions to resolve the issue before filing the motion; and 3) the cases Plaintiff cite do

not even arguably support Plaintiff's argument. Under 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 "are levied to compensate the victims of dilatory practices, not as a means of punishment." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1203 (10th Cir. 2008). Section 1927 sanctions do not require a finding of subjective bad faith, *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc); Section 1927 sanctions "may be appropriate . . . in response to 'objectively unreasonable' conduct." *Id.* (quoting *Braley*, 832 F.2d at 1512). Section 1927 provides "an incentive for attorneys to regularly re-evaluate the merits of the claims and to avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224(10th Cir. 2006). However, § 1927 does not authorize an award of attorney's fees for initiating meritless litigation. *Id.* at 1224-25.

Here, Mr. Carrillo's conduct, particularly refusing to wait for a response to his insistence on seeing a proposed amended answer, given Mr. Furth's cooperation up until Plaintiff's filing of the motion, was both not in good faith and objectively unreasonable. Mr. Carrillo's actions can only be viewed as an attempt to drive up the cost of litigation for Defendants, and thus, Defendants were the "victims of dilatory practices." *Hamilton*, 519 F.3d at 1203. Nothing in the record suggests that this strategy was undertaken at the behest of Plaintiff herself, but rather, the decision to refuse to engage in good faith discussions appears to have been made by Mr. Carrillo alone. Further, Mr. Carrillo's action of not allowing a sufficient response time continued throughout this litigation, as

5

explained below. Thus, the Court believes that sanctions under Section 1927 are appropriate, and an amount adequate to compensate Defendants, is the amount of reasonable attorneys' fees and costs for Defense Counsel to prepare the response to the *Motion to Strike*. For this reason, the Court grants Defendants' request for costs and fees associated with filing their response to Plaintiff's Motion to Strike, and orders Mr. Carrillo, within 14 days, to show cause why the Court should not imposes liability on Mr. Carrillo personally for the fees and costs, pursuant to 28 U.S.C. § 1927.

*Defendants' Motion to File Amended Answer*

After Plaintiff filed her *Motion to Strike Answer*, Defendants filed *Defendants' Opposed Motion to File an Amended Answer*. [Doc. 41] Defendants rely on Federal Rule of Civil Procedure 15(a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." "The Court should freely give leave when justice so requires." *Id.* While the decision to grant or deny a motion to amend is within the Court's discretion, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks and citation omitted); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's objections to the proposed *Amended Answer* are not well taken. Plaintiff claims prejudice, submitting that Defendants added a new affirmative defense that Plaintiff failed to exhaust her administrative remedies [Doc. 47, pp. 4-5], but Defendants indeed included this affirmative defense in their original answer. [Doc. 4,

p. 9, ¶ 13]  Nor is the pleading of the affirmative defense deficient and thus futile.  [Doc. 47, pp. 6-10]  The Court is not persuaded that Defendants acted in bad faith, or that Defendants' conduct prejudiced Plaintiff.  [Doc. 47, pp. 10-13]  The Court is not persuaded that Plaintiff's service of discovery on Defendants prejudiced Plaintiff, as Plaintiff had remaining opportunities for discovery.  Further, the filing of the *Motion to Amend Answer* was justified given *Plaintiff's Motion to Strike Answer*, and indeed Defendants admitted, in full or in part, 10 allegations in their *Proposed Amended Answer* which Plaintiff previously insisted be deemed admitted.  [Doc. 25; Doc. 41-1]

For the foregoing reasons, the Court grants Defendants' Opposed Motion to File an Amended Answer.  [Doc. 41]

*Legal Standard Governing Motions for Summary Judgment*

Federal Rule of Civil Procedure 56(a) requires summary judgment when the evidence submitted by the parties establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  An issue of fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.  *See id.* at 248.  Judgment is appropriate as a matter of law if the non-moving party has failed to make an adequate showing on an essential element of its case as to which it has the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

It is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the admissible evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all admissible evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. *See Hunt v. Cromartie*, 526 U.S. 541, 551-52 (1999); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986).

*Count I:  Violation of the New Mexico Minimum Wage Act*

Defendants moved for summary judgment on Count I, Plaintiff's claim for violation of the New Mexico Minimum Wage Act. [Doc. 79, p. 1] Plaintiff responded by filing "*Plaintiff's First Partial Response to Defendants' Motion for Summary Judgment,*" to which she attached a draft unopposed motion to dismiss Count I with prejudice. [Doc. 85-1] Rather than agreeing to Plaintiff's proposed motion,[2] Defendants replied, submitting that "none of the filings address" Plaintiff's overtime claim. [Doc. 94, p. 1]

Defendants' reply was unnecessary. Summary judgment is granted on Count I because dismissal with prejudice is unopposed. The Court denies Defendants' request for attorneys' fees and costs.

*Count II: Prima Facie Tort*

---

[2] The Court recognizes that Plaintiff's Counsel filed the Response with the attached motion to the Court less than an hour after sending it to Defense Counsel seeking approval, thus again failing to allow Defense Counsel adequate time to respond. [Docs. 85, 85-1] Nonetheless, even after Plaintiff filed her Response, Defense Counsel had the opportunity, but failed, to agree to the proposed unopposed motion.

Defense Counsel submits that he contacted Plaintiff's Counsel on January 21, 2016 regarding dismissal of Plaintiff's *prima facie* tort claim, which Plaintiff's Counsel did not agree to do at the time. [Doc. 77, ¶¶ 25, 26] Defense Counsel again contacted Plaintiff's Counsel on February 1, 2016, pointing out the legal infirmity of Plaintiff's *prima facie* tort claim and submitting that it never should have been filed in the first place. [Doc. 77-1, p. 10] Defendants demanded that Plaintiff dismiss the claim by February 4, 2016. [Doc. 77-1, p. 11] On February 3, 2016, Plaintiff filed *Plaintiff's Notice of Voluntary Dismissal of Prima Facie Tort Claim Against All Defendants*, purporting to dismiss Count II with prejudice. [Doc. 69] Defendants did not concur in the *Notice of Voluntary Dismissal* [Doc. 69], nor did the Court enter an Order granting the dismissal. On February 19, 2016, Defendants filed a motion for summary judgment on Plaintiff's *prima facie* tort claim. [Doc. 77] Plaintiff responded, only by stating that Plaintiff's Counsel sent to Defense Counsel an email requesting Defense Counsel approve *Plaintiff's Unopposed Motion to Dismiss Pregnancy Discrimination Act and Prima Facie Tort Claims*. [Docs. 83, 83-1] The proposed motion dismissed Plaintiff's Pregnancy Discrimination Act claim (but not her *prima facie* tort claim) with prejudice. [Doc. 83-1]

Defendants' Motion for Summary Judgment on Plaintiff's claim for *prima facie* tort was unnecessary. Defendants are correct that Plaintiff's Rule 41 "Notice" was legally insufficient and ineffective as it was not signed by all parties. Fed. R. Civ. P. 41(a)(1)(A)(ii). However, rather than filing a motion for summary judgment, Defense Counsel could have spent a mere five minutes drafting a stipulated motion to dismiss the

9

claims and a stipulated order. Defendants compounded the excessive motion practice by filing a reply, rather than approving the unopposed motion for dismissal submitted by Plaintiff in her Response to the Motion for Summary Judgment.[3]

Summary judgment is granted on Count II because dismissal with prejudice is unopposed. Further, Defendants' request for costs associated with filing *Defendants' Motion for Summary Judgment Regarding Count II—Plaintiff's Prima Facie Tort Claim for Alleged Intentional Gender Discrimination* [Doc. 77] is denied. While the Court agrees with Defendants that the *prima facie* tort claim should not have been brought, Defense Counsel did not need to file a *Motion for Summary Judgment* on this claim, as Plaintiff attempted to voluntarily dismiss it with prejudice and Defense Counsel could have worked with Plaintiff's Counsel to effectuate the dismissal, but chose not to do so.

***Count IV: Pregnancy Discrimination Act Claim***

Plaintiff filed a *Notice of Voluntary Dismissal of Pregnancy Discrimination Act Claim Against all Defendants* [Doc. 88], which, like her notice of dismissal of her prima facie tort claim, was filed without the approval of all Defendants, and thus is ineffective. Fed. R. Civ. P. 41(a)(1)(A)(ii). Further, after Defendants filed their Motion for Summary Judgment on Plaintiff's Pregnancy Discrimination Act claim [Doc. 78], Plaintiff submitted to Defendants a proposed Motion to dismiss the claim with prejudice, which

---

[3] Again, the Court recognizes that Plaintiff's Counsel filed *Plaintiff's Response* less than an hour after sending the proposed unopposed motion to dismiss to Defense Counsel. This behavior, and similar unprofessional behavior by both parties regarding response times, has needlessly multiplied the proceedings. Nonetheless, there was no barrier to Defendants approving the motion after Plaintiff filed her Response but before Defendants replied, thus, Defense Counsel, too, needlessly multiplied the proceedings.

Defendants did not approve. [Doc. 83; Doc. 83-1; Doc. 91] Instead, Defendants filed a *Reply* brief, arguing the merits of the motion for summary judgment and requesting attorneys' fees and costs. [Doc. 91]

Summary judgment is granted on Count IV because dismissal with prejudice is unopposed. Further, the Court denies Defendants' request for costs on this claim. [Doc. 91, pp. 6-9] Defendants argue that neither of them are an employer under Title VII: Mr. Fresquez because Plaintiff sued him as an individual and he did not employ Plaintiff; and LTD Driving School because it had less than fifteen employees. However, Defendants failed to participate in the proceedings before the New Mexico Human Rights Commission, during which time Defendants could have raised these issues to the Plaintiff. [Doc. 73-2] Indeed, Plaintiff received a finding of Probable Cause from the New Mexico Human Rights Commission. Under these circumstances, Defendants have not established that Plaintiff brought this action against Defendants in bad faith, and, again, Defendants unnecessarily protracted the litigation by filing a Reply.

***The Court's Exercise of Supplemental Jurisdiction and Plaintiff's Motion to Stay***

Defendants filed two summary judgment motions aimed at Plaintiff's New Mexico Human Rights Act claim. [Doc. 78, pp. 1, 25; Doc. 79, p. 1] Plaintiff brings her claim under the NMHRA on two theories: 1) that Defendants denied Plaintiff a reasonable accommodation [Doc. 1-1, ¶¶ 62, 63]; and 2) that Defendants terminated Plaintiff because of her sex [Doc. 1-1, ¶ 64]. Plaintiff's Counsel, gambling on this Court granting *Plaintiff's Motion to Stay* and thus retroactively excusing Plaintiff for failing to file a Response, did not file a substantive response to either *Motion for Summary Judgment*.

Because the Court dismissed the sole claim over which it had original jurisdiction, the Court must decide whether it should continue to exercise jurisdiction over Plaintiffs' remaining claim arising under state law. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if[:] . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is a matter within the Court's discretion. *Thatcher Enters. v. Cache Cnty. Corp.,* 902 F.2d 1472, 1478 (10th Cir. 1990) (stating also that "[i]f the federal claim is dismissed before trial . . . the state law claim will generally be dismissed as well"). In deciding whether to exercise supplemental jurisdiction, the Court must consider the "values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). While, in many cases, these values weigh in favor of this Court declining to exercise jurisdiction over the state claims, *see Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (stating that the most common response to dismissal of all federal claims is to dismiss the state law claims without prejudice), here all factors weigh in favor of this Court reviewing the already pending *Motions for Summary Judgment* on Plaintiff's state law claims. Here, Defendants filed their *Motions for Summary Judgment* all at the same time, and their motions on Plaintiff's state law claim are well supported. Plaintiff failed to respond, and further, Plaintiff would not be able to overcome Defendants' showing in favor of summary judgment even if she did respond. Thus, judicial economy, convenience and fairness weigh in favor of the Court addressing Defendants' motions for summary

judgment on the merits. Finally, these motions raise no novel issues, so comity does not weigh in favor of New Mexico Courts deciding these motions for summary judgment.

Citing no legal authority, Plaintiff filed *Plaintiff's Motion to Stay* after Defendants filed their Motions for Summary Judgment. [Doc. 89] Plaintiff simply states that she "move the Court for an order staying the filing of all motions, response briefs, and reply briefs until the Court determines whether it will retain jurisdiction over the lawsuit." [Doc. 89] "'The district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.'" *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (quoting *Pet Milk Co. v. Ritter*, 323 F.3d 586, 588 (10th Cir. 1963) (per curiam)). Here, it would not save time or effort to stay the proceedings to grant a stay, which would in effect simply allow Plaintiff to file response briefs pertaining to her remaining state law claims. As stated above, Plaintiff would not be able to submit evidence creating a genuine issue of material fact even if she did file a response. Therefore, the Court exercises its discretion to deny *Plaintiff's Motion to Stay.* [Doc. 89]

### *Count III: New Mexico Human Rights Act Claims*

"[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Federal Rule of Civil Procedure 56(e) states:

>**(e) Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>**(1)** give an opportunity to properly support or address the fact;
>**(2)** consider the fact undisputed for purposes of the motion;
>**(3)** grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
>**(4)** issue any other appropriate order.

Here, as discussed below, the evidence demonstrates that Plaintiff would not be able to produce evidence defeating summary judgment, and thus, the Court declines to further expend the resources of either this Court or the State Court by allowing an opportunity for Plaintiff to respond. Under Federal Rule of Civil Procedure 56(e)(3), the Court grants summary judgment.

### Plaintiff's Failure to Accommodate Claim

To the extent that reported decisions in New Mexico have addressed pregnancy discrimination claims arising under the NMHRA, the courts have applied the same tests as those applied by federal courts analyzing pregnancy discrimination claims brought under Title VII. *See Behrmann v. Phototron Corp.*, 1990-NMSC-073, ¶¶ 13-15, 795 P.2d 1015 (upholding jury instructions addressing the standards adopted by the federal cases of *McDonnell Douglass* and *Price Waterhouse* in claim of pregnancy discrimination brought under the NMHRA).

Defendants argue that Plaintiff failed to exhaust her administrative remedies with regard to her claim that Defendants failed to accommodate her request to teach in the classroom rather than to provide on-the-road driving instruction. On Plaintiff's *Charge of Discrimination Form* submitted to the New Mexico Human Rights Bureau, Plaintiff

marked only the box labeled "other" and specified "pregnancy" as the basis of discrimination. [Doc. 79-1, p. 1] However, in the text of her "Statement of Harm," Plaintiff stated that she requested to take over the morning class because she was pregnant and "would be unable to teach driving classes. . . . Because I was unable to teach I was let go from employment and I feel I was discriminated against because I was pregnant." [Doc. 79-1, p. 1] The Court assumes without deciding that, despite her failure to mark the disability box, Plaintiff exhausted her administrative remedies with regard to the failure to accommodate her inability to teach on-the-road driving instruction due to pregnancy. *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (reciting the standard that the failure to mark a box on an agency form charging a particular type of discrimination creates a presumption that the party is not asserting that form of discrimination, however, the presumption can be rebutted based on the text of the charge).

Nonetheless, Plaintiff can submit no evidence on an essential element of her claim: that she had a serious medical condition at the time she requested to only teach classroom-based instruction or that her employer knew she had a serious medical condition. Pregnancy alone is not a disability under the Americans with Disabilities Act, *see Richards v. City of Topeka*, 173 F.3d 1247, 1250 (10th Cir. 1999) ("numerous district courts have concluded that a normal pregnancy without complications is not a disability"), and there is no language in the New Mexico Human Rights Act, or case law interpreting the same, suggesting a different result under the New Mexico Human Rights Act.

Plaintiff had no documentation that she had a disability or serious medical condition, and provided no such documentation to her employer. [Doc. 78-12, p. 1; Doc. 78-9, pp. 14-15]  Without such evidence, Plaintiff's claim for discrimination on the basis of serious medical condition fails.  *See Trujillo v. N. Rio Arriba Elec. Co-op., Inc.*, 2002-NMSC-004, ¶ 16, 41 P.3d 333 ("Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, . . . the initial burden rests primarily upon the employee, or his health-care provider, to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." (Internal quotation marks and citation omitted)).

### Plaintiff's Claim that she was Terminated based on her Pregnancy

As for Plaintiff's claim that she was terminated based on her pregnancy, Defendants submit, *inter alia*, that Plaintiff suffered no adverse employment action. [Doc. 78-1]  Defendants principally rely on Plaintiff's own deposition testimony to establish that Plaintiff was not terminated.  Plaintiff testified that Mr. Fresquez never told her she was fired or terminated, that he never told her she could not come to work tomorrow, and he never told her to turn in her keys. [Doc. 78-9, pp. 2-4, 13, 16]  Instead, in December, Plaintiff asked to be allowed to teach classroom-based driving instruction, [Doc. 78-9, p. 11] and, according to Plaintiff, Mr. Fresquez said to her that he was going to allow another instructor to teach both the morning and afternoon classes.[4] [Doc. 78-9,

---

[4] Though this fact is disputed, as Mr. Fresquez testified that he offered Plaintiff the opportunity to teach the afternoon class [Doc. 79-9, p. 1], viewing the evidence in the light most favorable to Plaintiff a jury could find Mr. Fresquez told Plaintiff that she could not teach any class.

16

pp. 13, 16] Plaintiff testified that, after meeting with Mr. Fresquez, she returned to the driving school and spoke to another employee:

> And I remember telling her, I said, "David said no, he said he won't let me teach."
> . . .
> And I can't drive, so I don't know – I don't know. And she's like, "Well, what does that mean?" I said, "I guess he let me go, I don't know."

[Doc. 78-9, p. 13] Further, Plaintiff posted the following message on her Facebook account: "Today is such a sad day for me!! Ugh!! Today is my last day teaching at Ltd driving school [crying face] I really enjoyed my job. But just how it has to be I guess."[5] [Doc. 61-2, p. 2] When asked what happened, Plaintiff responded: "I'm too pregnant to keep driving. And my boss won't let me teach so there is no work for me [sad face]." [Doc. 61-2, p. 1]

Plaintiff was allowed to take off time after her first pregnancy while employed for LTD Driving School. [Doc. 78-9, pp. 5, 10] Driving instructors did not need to ask Mr. Fresquez for time off because, according to Plaintiff, "we are our own schedulers, we keep track of our own, how many hours worked. If I want to work one hour a day, I can." [Doc. 78-9, p. 10] Plaintiff testified:

> Q. At that point, did you ask David [Fresquez], "Well, why don't I just take time off like I did during my first pregnancy and I'll come back after I give birth?"
> . . .
> A. I could not take time off, I could not afford to take that much time off.
> Q. . . . Okay. But did you ask David for the time off?

---

[5] Though Defendants argue that Plaintiff posted this message before meeting with Fresquez to request that she be allowed to teach in the classroom [Doc. 78, p. 19], viewing the evidence in the light most favorable to Plaintiff the Court assumes, for purpose of review, that the post was made after Plaintiff met with Fresquez.

A. No.

[Doc. 78-9, p. 10]

In sum, the evidence above establishes that Defendants did not ever tell Plaintiff she was terminated or take any action against Plaintiff to terminate her. Plaintiff, therefore, can only rely on a claim that she was constructively discharged. To prove a constructive discharge, an employee must establish "that the employer made working conditions so intolerable, when viewed objectively, that a reasonable person would be compelled to resign." *Gormley v. Coca-Cola Enters.*, 2005-NMSC-003, ¶ 10, 109 P.3d 280; *see also Charles v. Regents of New Mexico State Univ.*, 2011-NMCA-057, ¶ 16, 256 P.3d 29 (discussing factors to be considered in deciding whether a reasonable person would be compelled to resign). "'Essentially, a plaintiff must show that she [or he] had no other choice but to quit.'" *Ulibarri v. State of New Mexico Corrs. Acad.*, 2006-NMSC-009, ¶ 14 131 P.3d 43 (citing *Yearous v. Niobrana Cnty. Mem'l Hosp.,* 128 F.3d 1351, 1356 (10th Cir. 1997)).

Plaintiff has not established that she had no other option but to quit. Plaintiff has not established that her working conditions were intolerable, indeed, her working conditions did not change and she testified that her working conditions were "Difficult, but not intolerable." [Doc. 78-9, p. 8] Plaintiff, as her own scheduler, could have taken leave rather than quit. [Doc. 78-9, p. 10] Plaintiff chose to quit rather than taking time off because, as she stated, she could not afford to take the time off, but not because her employer created intolerable conditions. No reasonable person would objectively determine that Plaintiff had no other option but to quit. *See Gormley*, 2005-NMSC-003,

¶¶ 13, 17 (holding that the plaintiff failed to present evidence establishing that his loss of lighter duties would have compelled a reasonable person to quit where the plaintiff made no showing that his health was endangered).

For the foregoing reasons, summary judgment is appropriate on Plaintiff's Count III, for her claim pursuant to the New Mexico Human Rights Act.

**CONCLUSION**

For the forgoing reasons, the Court hereby:

1) **DENIES** *Plaintiff's Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted and Supporting Memorandum* [Doc. 25]

2) **GRANTS** Defendants' request for fees and costs [Doc. 28, p. 8] for only those fees and costs related to preparing *Defendants' Opposition to Plaintiff's Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted and Supporting Memorandum*; the Court further **ORDERS** Mr. Carrillo to show cause within fourteen days of entry of this Order why he should not be personally liable for such costs under 28 U.S.C. § 1927; and the Court further **ORDERS** Defendants to file a cost bill within fourteen days of entry of this Order;

3) **GRANTS** *Defendants' Opposed Motion to File an Amended Answer* [Doc. 41];

4) **GRANTS** *Defendants' Motion for Summary Judgment Regarding Count II – Plaintiff's Prima Facie Tort Claim for Alleged Intentional Gender Discrimination* [Doc. 77];

5) **GRANTS** *Defendants' Motion for Summary Judgment on Counts III and IV because Plaintiff cannot show an Adverse Employment Action* [Doc. 78];

6) **GRANTS** *Defendants' Motion for Summary Judgment* [Doc. 79]; and

7) **DENIES** *Plaintiff's Motion to Stay* [Doc. 89].

SO ORDERED this 4th day of August, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Court Judge