**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ALMALINDA RODRIGUEZ MCCOY,**

**Plaintiff,**

**v.** **No. 15-CV-00639 MCA/LAM**

**LTD DRIVING SCHOOL, INC., and DAVID FRESQUEZ,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the following: *Plaintiff's Counsel's Response to Order to Show Cause* [Doc. 111]; *Defendants' Motion for Attorneys' Fees and Costs Awarded Pursuant to this Court's August 5, 2016 Order* [Doc. 110]; and *Defendants' Motion for Review of the Clerk's Order Settling Costs* [Doc. 117]. The Court has considered the submissions, the relevant case law, and has been fully informed in the premises.

**BACKGROUND**

The parties are familiar with the facts of this case, which were set forth in the Court's August 5, 2016 *Memorandum Opinion and Order*. [Doc. 106] Briefly, Plaintiff filed a four-count action in state court, which Defendants removed to this Court. Ultimately, Plaintiff sought to voluntarily dismiss three of her four claims with prejudice, and this Court dismissed those claims. [Doc. 106, pp. 8-11] The Court also granted summary judgment for Defendants on the remaining claim. [Doc. 106, p. 19] The

Court's *Memorandum Opinion and Order* recounted instances of unprofessional behavior and unnecessary filings by both Plaintiff's and Defense Counsel.[1] [Doc. 106, pp. 4-6, 8-11] The Court further ordered Plaintiff's Counsel to show cause why he should not be personally responsible for paying for the excess costs, expenses, and attorneys' fees incurred by Defendants in responding to *Plaintiff's Motion to Strike Answer or, Alternatively, to Deem Allegations Admitted and Supporting Memorandum* pursuant to 28 U.S.C. § 1927. [Doc. 106, pp. 4-6, 19]

In *Plaintiff's Motion to Strike Answer,* Plaintiff requested the Court to apply its inherent authority, rather than Federal Rule of Civil Procedure 12(f) (allowing motions to strike "redundant, immaterial, impertinent, or scandalous" from pleadings), to strike the entire answer or the particular paragraphs to which Plaintiff objected.[2] [Doc. 25, p. 3] In its *Memorandum Opinion and Order*, the Court denied Plaintiff's *Motion to Strike* and further determined that:

> Mr. Carrillo's actions in requesting the Court to strike the entire answer in this case violated 28 U.S.C. § 1927, given the combination of the following factors: 1) the motion was untimely; 2) Mr. Carrillo unreasonably cut off

---

[1] While Defendants' Counsel filed unnecessary motions and replies, in doing so, Defendants' Counsel caused unnecessary costs only to Defendants, thus not implicating 28 U.S.C. § 1927.

[2] Defendants answered certain allegations by stating "Defendants are without sufficient information to determine the accuracy or veracity of the facts contained in [¶¶ 30, 31, 32, 33, 37] and therefore denies same." [Doc. 4] Plaintiff took issue with Defendants' "attempt to disclaim information sufficient to establish a belief as to the veracity of allegations while incongruently purporting to deny them." [Doc. 25, pp. 1-2, 8-9] In addition, Plaintiff argued that it was improper for Defendants to refuse to answer allegations which Defendants contended were legal conclusions [Doc. 25, pp. 4-5] and Defendants stating that documents issued by the EEOC speak for themselves. [Doc. 25, pp. 5-8]

> good faith discussions to resolve the issue before filing the motion; and 3) the cases Plaintiff cite[s] do not even arguably support Plaintiff's argument.

[Doc. 106, pp. 4-5] The Court ordered Plaintiff's Counsel to show cause why he should not be personally liable for Defendants' fees and costs incurred by responding to the *Motion to Strike*. [Doc. 106, pp. 6, 19]

Plaintiff's Counsel has now responded to the Court's order to show cause. [Doc. 111] In addition, Defendants filed a *Motion for Attorneys' Fees and Costs* pertaining to the *Motion to Strike*. [Doc. 110] Defendants also moved for costs as the prevailing party [Doc. 109], which the Clerk addressed in the *Clerk's Order Settling Costs*. [Doc. 116] Defendants filed a *Motion for Review of the Clerk's Order Settling Costs*. [Doc. 117]

**ANALYSIS**

***Attorney Liability for Costs and Fees under 28 U.S.C. § 1927***

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions do not require a finding of subjective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). Rather,

> conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, warrants the imposition of excess costs, expenses, or attorney's fees personally against the attorney responsible for unreasonably multiplying the proceedings. After all, to excuse objectively unreasonable conduct by an attorney would be to state that one who acts with an empty head and a pure heart is not responsible for the consequences.

*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotation marks, citations and brackets omitted). Thus, Section 1927 provides an "incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).

In response to the Court's order to show cause, Plaintiff's Counsel submits, first, that the *Motion to Strike* was not untimely because it was not filed pursuant to Federal Rule of Civil Procedure 12(f). Second, Plaintiff's Counsel submits that he "engaged in good faith communication regarding resolving issues surrounding the motion." [Doc. 111, p. 4] Third, Plaintiff's Counsel submits that "this Court should not find that Plaintiff's counsel's citation to case law which the Court finds to be unpersuasive vitiates in favor of finding that Plaintiff's counsel acted unreasonably and vexatiously for the purpose of multiplying the litigation so as to justify an award of sanctions." [Doc. 111, p. 10] The Court addresses the first and third arguments together, as they are related, and then addresses Plaintiff's Counsel's second argument.

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A party must bring a Rule 12(f) motion to strike "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiff's *Motion to Strike* was filed 112 days after Plaintiff was served with the *Answer*. [Doc. 4; Doc. 25; Doc. 106] Accordingly, under Rule 12(f)(2) the *Motion to Strike* was not timely. Though Plaintiff attempts to circumvent this time limit by invoking an alternative standard, outside of Rule 12(f), Plaintiff offered no persuasive reason to apply such a standard. Any extra-rule

ground for striking an entire pleading, or portions thereof, must be *more* onerous than that set forth by Rule 12(f). *See Nwachukwu v. Karl*, 216 F.R.D. 176, 180 (D.D.C. 2003) (unpublished decision) (stating "[t]he court has authority to [strike an entire answer] only if the plaintiff can demonstrate misconduct on the part of the defendant"). Plaintiff's *Motion to Strike* lacked citation to any case applying this alternative standard, causing the Court to conclude in its *Memorandum Opinion and Order* that the cases Plaintiff cites "do not even arguably support Plaintiff's argument." [Doc. 106, pp. 4-5] Specifically,[3] the Court concludes that the following cases, on which Plaintiff relied, do not to support Plaintiff's request for this Court to apply a standard other than that set forth by Fed. R. Civ. P. 12(f), or to allow what is otherwise a late Rule 12(f) motion to strike: *Agstar Fin. Servs., PCA v. Union Go-Dairy, LLC*, 2011 WL 772754 (S.D. Ind. 2011) (a four paragraph, unpublished district court, case cited by only one other case, discussing the Court's inherent authority to strike an answer but *denying* the plaintiff's request to invoke that power); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962) (recognizing and discussing the district court's inherent authority to dismiss a case for lack of prosecution by the plaintiff); *Nwachukwu*, 216 F.R.D. at 178-80 (denying the plaintiff's request to strike an answer and portions thereof under Fed. R. Civ. P. 12(f) and rejecting a request to strike an answer based on "misconduct on the part of the defendant"); *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033-34 (N.D. Ill. 1998) (rejecting the defendants' request to strike portions of complaint; applying only

[3] Plaintiff's Counsel expresses uncertainty as to which argument the Court found to be unsupported. [Doc. 11, pp. 9-10]

Fed. R. Civ. P. 12(f)); *Bisharat v. Vill. of Niles*, 2010 WL 3019962 (N.D. Ill. 2010) (applying Fed. R. Civ. P. 12(f)(1) to *sua sponte* strike an answer due to pervasive errors, including the failure to disclaim enough information to form a belief as to the truth of an allegation; granting leave to file an amended answer); *SMS Assocs. v. Clay*, 868 F. Supp. 337 (D.D.C. 1994) (not addressing any legal issues presented by this case); *Lane v. Page*, 272 F.R.D. 581, 584, 602 (D.N.M. 2011) (applying Fed. R. Civ. P. 12(f) in considering a motion to strike); *Donnelly v. Frank Shirley Cadillac, Inc.*, 2005 WL 2445902, * 2 (N.D. Ill. 2005) (considering a motion to strike but not stating whether it was applying Fed. R. Civ. P. or its inherent authority). Thus, only two cases cited by Plaintiff, *Agstar Financial Services* and *Nwachukwu*, considered the court's inherent authority to strike an answer, and in both cases the court declined to use it power to strike the answer. In sum, the cases cited by Plaintiff do not even arguably support the application of any rule but Fed. R. Civ. P. 12(f), and, accordingly, Plaintiff's *Motion to Strike*, filed three months beyond Rule 12(f)(2)'s deadline, was untimely.

Plaintiff's Counsel argues that the Court should not conclude that he "acted unreasonably and vexatiously for the purpose of multiplying the litigation" simply because the Court found the case law upon which he relied "unpersuasive." [Doc. 111, p. 10] Here, however, Plaintiff's Counsel's request that this Court apply a rule outside of the Rules of Procedure was more than simply "unpersuasive," it lacked an arguable basis in the law. The patent lack of merit or a plausible basis for Plaintiff's Counsel's argument is a crucial factor in considering whether an attorney's conduct was unreasonable under 28 U.S.C. § 1927. *See Miera*, 143 F.3d at 1342 ("A lawyer's reckless

indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care. . . . Sanctions are appropriate, then, when an attorney is cavalier or . . . intentionally acts without a plausible basis [or] when the entire course of the proceedings was unwarranted." (Internal quotation marks and citations omitted.)). The Court concludes that Plaintiff's Counsel's argument was made with "reckless indifference to the law." *Miera*, 143 F.3d at 1342. Specifically, it demonstrated reckless indifference to the applicability of Rule 12(f) and its deadline, as well as the necessity for a substantial justification (clearly lacking here) for the Court to apply its inherent authority to strike an entire pleading. Further, Plaintiff's Counsel actions "impose[d] substantial costs on the adverse party." *Id.*

Moreover, Plaintiff's Counsel's cavalier reliance on a baseless argument alone was not the only factor contributing to the Court's conclusion that Plaintiff's Counsel unreasonably and vexatiously multiplied the proceedings in violation of 29 U.S.C. § 1927. Rather, it was the meritless argument *combined with* Plaintiff's Counsel's abrupt termination of efforts to resolve the motion, and his representation to the Court that the Motion was opposed [Doc. 25, p. 2] which merits application of 29 U.S.C. § 1927 in this case.

The Court has reviewed, for a second time, the correspondence between Plaintiff's and Defendants' Counsel. [Doc. 106, pp. 3-4; Doc. 111-1, p. 1 to Doc. 111-2, p. 3] In short, it began with Plaintiff's Counsel sending the draft *Motion to Strike* to Defendants' Counsel [Doc. 111-1, p. 1], who responded by asking "whether your client will not

oppose the filing of an amended answer[?]" [Doc. 111-2, p. 3] Plaintiff's Counsel responded by asking for "a draft unopposed motion to file an amended answer." [Doc. 111-2, p. 2] Defendants' Counsel then asked "Does your client agree to the filing of an amended answer? If not, there is no reason for the motion." [Doc. 111-2, p. 1] Mr. Carillo, one of Plaintiff's attorneys, then responded:

> We had to call this issue to your attention after a deficient pleading. We take it that you oppose the motion, and the relief requested. We will file the motion promptly. However, we understand that the Court may allow you to amend. We simply cannot consent to the proposed amendment until we see it – how do we know that it won't be deficient even after a rewrite? When you are going to amend a pleading, you have to attach a copy, that is why your idea of an order doesn't work.
>
> In order to resolve this, we commit as follows: If you will show us the amendment, and it complies with the law, we will consider a stipulated motion to amend, and withdraw our motion to strike. Please show us your proposed amended answer as soon as possible so that we may properly advise the Court and avoid "further" motion practice.

[Doc. 111-2, p. 1]

This chain of correspondence demonstrates that: 1) Defendants never expressly opposed the motion or refused to file a motion to amend; 2) Plaintiff's Counsel deemed Defendants' Counsel to oppose the motion ("We take it that you oppose the motion"); 3) Plaintiff's Counsel did not allow an opportunity for Defendants' Counsel to send him a draft proposed amended answer *prior* to filing the *Motion to Strike*; and, most importantly, 4) Plaintiff's Counsel operated under a file first, resolve later modus, which unnecessarily invoked the Court's resources and which contravenes the purpose of Local Rule 7.1(a). *See Hooten v. Ikard Servi Gas*, 525 Fed. Appx. 663, 667 (10th Cir. 2013) ("[T]he purpose of Local Rule 7.1(a) is to promote judicial efficiency and economy by

precluding the unnecessary filing of motions, responses, and orders." (Internal quotation marks and citation omitted)).

Given Plaintiff's Counsel's filing of the *Motion to Strike* without allowing Defendants' Counsel to either submit a proposed amended answer or to state a refusal to do so, coupled with the lack of a legal basis for the motion, the Court concludes that Plaintiff's Counsel unreasonably and vexatiously multiplied the proceedings and should be responsible for Defendants' excess costs in responding to the motion. 28 U.S.C. § 1927; *Miera*, 143 F.3d at 1342.

***Attorneys' Fees and Costs Pertaining to Plaintiff's Motion to Strike Answer***

Defendants submitted *Defendants' Motion for Attorneys' Fees and Costs Awarded Pursuant to this Court's August 5, 2016 Order* [Doc. 110] in response to the Court granting Defendants' request for attorneys' fees and costs in responding to the *Motion to Strike*. [Doc. 106, p. 19] Defendants' attorneys request $1,099.37 in fees and costs, including New Mexico gross receipts tax. [Doc. 110] Plaintiff responds to the *Motion* by: 1) submitting that attorneys' fees and costs are not appropriate for the reasons set forth in *Plaintiff's Counsel's Response to Order to Show Cause*;[4] and 2) requesting the Court to disallow 0.8 hours billed by Mr. Hibner on November 30, 2015 for "drafting, editing, finalizing, and filing Opposition to Motion to Strike" [Doc. 110, p. 8] because, Plaintiff argues, filing the document is administrative work. [Doc. 112, pp. 1-2]

Defendants provided to the Court itemized billing records that permit the Court to engage in the calculation of a lodestar amount, which is "the number of hours reasonably

---

[4] The Court rejected these arguments above and does not revisit them here.

expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assoc.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (internal quotation marks and citation omitted). The Court must determine a reasonable hourly rate, measured by "prevailing market rates," i.e., rates "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates. *See id.* at 897.

> Only if the district court does not have before it adequate evidence of prevailing market rates may the court, in its discretion, use other relevant factors, including its own knowledge, to establish the rate. *See Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987) ("Absent other evidence of prevailing market rates the district court must rely on all relevant factors known to the court in establishing the reasonable rate to be applied . . . to derive the 'lodestar' figure.").

*Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998).

Counsel must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff does not challenge the reasonableness of the rate of attorneys' fees requested by Defendants, and the Court concludes that the rates for Mr. Furth ($250.00

per hour) and Mr. Hibner ($150.00 per hour) are reasonable.[5] *See Schueller v. Experian Information Solutions, Inc.*, No 1:11-CV-955 MCA/LFG (D.N.M. March 27, 2013), Doc. 82, pp. 14-17 (determining reasonable prevailing rates in New Mexico), *aff'd*, *Schueller v. Wells Fargo & Co.*, 559 Fed. Appx. 733 (10th Cir. 2014) (unpublished decision), *cert. denied*, 135 S.Ct. 275 (2014). Plaintiff challenges the November 30, 2015, 0.8 hours charge by Mr. Hibner only on the ground that it includes the administrative task of filing the Response, to which Defendants respond that amount of time spent filing was a "few minutes" and "negligible."[6] [Doc. 115, p. 2] The Court will disallow Mr. Hibner's November 30, 2015 charge for a different reason. Given Mr. Furth's November 23, 2015 and November 30, 2015 charges for "drafting and editing response to Motion to Strike 0.8" and "finalizing response to Motion to Strike 0.4," [Doc. 110, pp. 7-8] Mr. Hibner's November 30, 2015 charge is redundant and unnecessary. *See Hensley*, 461 U.S. at 434. The Court concludes that Defendants' Counsels' remaining charges are reasonable and not excessive, redundant, or unnecessary.

Thus, the Court hereby grants attorneys' fees in favor of Defendants against Plaintiff, payable by Plaintiff's Counsel, as set forth above, in the amount of $969.40.

***Motion to Review Clerk's Bill of Costs***

The Court reviews the Clerk's taxation of costs *de novo*. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964), *disapproved of on other grounds by Crawford Fitting*

---

[5] Defense Counsel submitted that Mr. Furth graduated from law school in 1999 and Mr. Hibner graduated from law school in 2015. Mr. Furth's hourly rate has been approved by state and federal courts. [Doc. 110, pp. 4, 5]

[6] Defendants also complain that Plaintiff's Counsel failed to meet and confer to resolve this dispute. The Court nonetheless decides the issue on its merits.

*Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987). In reviewing the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, the Court exercises its "sound judicial discretion." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and [the party] assumes the risk of failing to meet that burden." *Allison*, 289 F.3d at 1248-49.

> [T]he district court's discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir.1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* at 459. Second, the district court "must provide a valid reason" for denying such costs. *Id.*; *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir.1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

*In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). By statute, costs are allowed for "transcripts and copies 'necessarily obtained for use in the case.'" *Id.* (quoting 28 U.S.C. § 1920(2) & (4)).[7]

---

[7] In addition, our Local Rule 54.2(b), addressing "Deposition Costs," states:

> **(1) Reporter's Transcript Fees**. The reporter's charge for the original or a copy of a deposition transcript is taxable when the deposition is reasonably necessary to the litigation.
> **(2) Reasonably Necessary to the Litigation**. A deposition is reasonably necessary to the litigation when:
> (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;

> Whether materials are necessarily obtained for use in the case is question of fact to be determined by the district court. *U.S. Industries*, 854 F.2d at 1245. However, "items proposed by winning parties as costs should always be given careful scrutiny." *Id*. (quoting *Farmer v. Arabian American Oil Co*., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)). "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries* at 1245–46. However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs. *Id.*

*Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). The Court does "not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case," but rather, considers solely whether the cost was reasonable "on the particular facts and circumstances at the time the expense was incurred." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (internal quotation marks and citations omitted).

Further, when "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), "the costs associated with videotaping a deposition are taxable." *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477-78 (10th Cir. 1997). *Tilton* applied the reasoning of *Meredith v. Schreiner Transp.*, 814 F.Supp. 1004 (D. Kan. 1993) in concluding that a videotape transcript, as well as a "stenographic transcript of a videotaped deposition," are allowable when they meet the requirement of Section 1920(2) that they are "necessarily obtained

---

> (B) the deposition is used by the Court in ruling on a motion for summary judgment; or
> (C) the Court so determines.

D.N.M.LR-Civ. 54.2.

for use in the case." *Tilton*, 115 F.3d at 1478. In *Meredith*, the video depositions of absent physicians were shown at trial, and the court recognized a preference to use a videotape deposition rather than solely a paper transcript as a "means of presenting an absent witness's testimony because they allow the trier-of-fact to better judge the credibility of the witness and, in many cases, save time." *Meredith*, 814 F. Supp. at 1005-06. In both *Meredith* and *Tilton*, the court concluded that the costs of video deposition requested therein were recoverable. *See id*. at 1006; *Tilton*, 115 F.3d at 1477-78.

In this case, the Clerk allowed costs for, *inter alia*, the transcription of the depositions of Plaintiff and Defendant Fresquez. [Doc. 116] The Clerk disallowed costs for the deposition transcription cost for Plaintiff's husband because it was not cited in the filings on the motions for summary judgment. The Clerk disallowed costs for the deposition witness fee for Plaintiff's husband on the same grounds. The Clerk further disallowed costs for the video depositions of Plaintiff and her husband, stating the video deposition fees were "doubled" and not used during any proceeding. [Doc. 116, p. 2] Defendants request the Court to review the above denied costs. [Doc. 117] Plaintiff did not challenge the taxed costs or submit a response to *Defendants' Motion for Review of the Clerk's Order Settling Costs*.

The Court concludes that the witness fee [Doc. 109, pp. 12-13] and written transcript costs [Doc. 109, p. 22] for Plaintiff's husband were reasonably necessary to the litigation. Even though not used at trial (because there was no trial) nor in the Court's ruling on the motions for summary judgment, the deposition of Plaintiff's husband was

reasonably necessary at the time it was taken because Plaintiff listed her husband (then fiancé), repeatedly, as a person "likely to have discoverable information related to Plaintiff's emotional distress damages," [Doc. 12, p. 3; Doc. 114-1, p. 2; Doc. 114-1, p. 4; Doc. 114-1, p. 6] and Plaintiff sought emotional distress damages [Doc. 1-1, p. 12]. *See In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144 at 1149 (rejecting the argument that "a district court may only award costs for depositions the district court actually used in deciding summary judgment, or for depositions that were, at the very least, designated for trial"); *Merrick v. N. Natural Gas Co., Div. of Enron Corp.*, 911 F.2d 426, 434 (10th Cir. 1990) ("[T]he best practice is to determine which depositions were reasonably necessary in the light of facts known to counsel at the time they were taken, rather than at trial." (citation omitted)). Accordingly, it was reasonable for Defendants to depose Plaintiff's husband to determine what his testimony would be concerning Plaintiff's emotional distress damages.

The Court concludes that the videography costs Defendants incurred were not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants argue that these costs are reasonable, and not duplicative of the written deposition transcripts, because, generally, video recordings record different information from a written transcript, including long silences, facial expressions, body language, and more. [Doc. 117, pp. 2-3] Defendants further argue that the video depositions were "reasonably necessary here as a way of controlling overly aggressive Plaintiff's counsel[,]" given that Plaintiff's counsel noticed the deposition of Defendant Fresquez's senior parents and asked "harass[ing]" questions of Mr. Fresquez during his deposition. [Doc. 117, p. 3]

Defendants fail to draw the connection between video-recording the depositions of Plaintiff and her husband and "controlling" Plaintiff's "overly aggressive" counsel. [Doc. 117, p. 3] Moreover, such tactics are not a basis for establishing that costs are necessary. As to Defendants' remaining argument, Defendants fail to offer any reason why the video recordings were necessary *in this case*. *See Tilton*, 115 F.3d at 1478 (allowing the reasonable costs of a video deposition if "necessarily obtained for use in the case" (internal quotation marks and citation omitted)). There is no indication Plaintiff or her husband would not testify at trial. In sum, without some explanation as to why it was necessary to take Plaintiff and her husband's depositions by video, the Court concludes that Defendants failed to meet their burden of establishing that video recordings of the depositions were necessarily obtained in this case. *See Allison*, 289 F.3d at 1248-49 ("[T]he burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden."). Thus, the Court disallows these costs.

The Court taxes costs to Plaintiff of $176.86 for the deposition transcription of Chris McCoy and $50.00 for the witness fee for Chris McCoy [Doc. 109, pp. 8, 12-13, 22], for a total of $226.86, in addition to the $3,418.32 already taxed by the Clerk.

**CONCLUSION**

**WHEREFORE, IT IS HEREBY ORDERED:**

1) *Defendants' Motion for Attorneys' Fees and Costs Awarded Pursuant to this Court's August 5, 2016 Order* [Doc. 110] is **GRANTED-IN-PART** in the amount of $969.40 and **DENIED-IN-PART** as to the remaining amount requested;

2) Plaintiff's Counsel Raul Carrillo is **HEREBY ORDERED** to personally satisfy Defendants' costs and fees in the amount of $969.40; and

3) *Defendants' Motion for Review of the Clerk's Order Settling Costs* [Doc. 117] is **GRANTED-IN-PART** and **DENIED-IN-PART**; and costs are taxed against Plaintiff in favor of the Defendants in the amount of $226.86, in addition to those already taxed by the Clerk.

**SO ORDERED** this 21st day of February, 2017 in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
Chief United States District Judge